```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

AUTO-OWNERS INSURANCE CO.,      )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  12 C 3732
                                )
STOCKTON CONSTRUCTION GROUP,    )
LLC, et al.,                    )
                                )
          Defendants.           )
```

                         MEMORANDUM ORDER

Auto-Owners Insurance Co. ("Auto-Owners") has just filed a Complaint against Stockton Construction Group, LLC ("Stockton") and four individual defendants[1] seeking to invoke federal jurisdiction on diversity of citizenship grounds.  This memorandum order is issued sua sponte because Auto-Owners' counsel have failed in their responsibility to establish subject matter jurisdiction here.

To begin with, Complaint ¶3 speaks only of the Indemnitors' presumed <u>residence</u>, even though by definition the diversity required by 28 U.S.C. §1332(a)[2] relates to their states of <u>citizenship</u>.  On that score our Court of Appeals has taught in such cases as <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "when the parties allege residence but not

---

[1] Those individual defendants are referred to collectively in the Complaint as "the Indemnitors," and this memorandum order will employ the same usage.

[2] All further references to Title 28's provisions will simply take the form "Section--."

citizenship, the district court must dismiss the suit."

If that were the only problem posed by the Complaint, this Court would be disinclined to follow that Draconian "must dismiss" mandate, the other error--that relating to Stockton--calls for less permissive treatment. In that respect, Complaint ¶2 says only this:

> Defendant Stockton is a limited liability company which, on information and belief, was formed under the laws of the State of Illinois and maintains is principal place of business in Romeoville, Illinois.

As that language reflects, Complaint ¶1 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3 684, 686 (7th Cir. 2011) and cases cited there).

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Auto-Owners Complaint but this action

are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Auto-Owners and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[3] Because this dismissal is attributable to Auto-Owners' lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 17, 2012

---

[3] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.